UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>                Plaintiff,<br><br>    v.<br><br>C.C. MARTIN, et al.,<br><br>                Defendants.<br>_____/ | CASE No.   1:12-cv-01686-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DIRECTING PLAINTIFF TO NOTIFY COURT OF WILLINGNESS TO PROCEED ON PREVIOUSLY IDENTIFIED COGNIZABLE CLAIMS OR DISMISS ACTION<br><br>(ECF No. 7, 8)<br><br>THIRTY-DAY DEADLINE |

**SECOND SCREENING ORDER**

I.     **PROCEDURAL HISTORY**

      Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed October 15, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to extend Magistrate Judge jurisdiction for all purposes and proceedings. (Consent to Magistrate, ECF No. 6.)

The Court screened Plaintiff's Complaint on November 19, 2012, and finding cognizable First Amendment retaliation and Eighth Amendment deliberate indifference claims against Defendants Martin and Blattel, but no other claims, ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (Order re Amend or Notify, ECF No. 7.) Plaintiff filed a First Amended Complaint on December 10, 2012. (First Am. Comp., ECF No. 8.) The First Amended Complaint is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that, on November 29, 2010, while housed at Corcoran State Prison ("CSP"), he was "bird bathing"[1] in his cell with his window partially covered with a blanket so that Defendant Martin, a female, would not see him naked; while he was "defending [himself] from being exposed" Defendant Martin stated to Defendant Blattel to "spray the Black Bastard", whereupon Defendants pepper sprayed him, even though he "did not pose a threat at all to the officers", and left him without decontamination in the contaminated cell. (First Am. Compl. at § IV.) He alleges this use of force "was done maliciously and sadistically to inflict harm and extreme pain." (Id.)

Plaintiff names as Defendants (1) Martin, CSP Correctional Officer, and (2) Blattel, CSP Correctional Officer. (Id. at § III.)

Plaintiff seeks monetary compensation. (Id. at § V.)

### IV. ANALYSIS

#### A. Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

---

[1] An alleged inmate practice of in-cell wash-up. (See Compl. at 4:24-28.)

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 1949–50.

### B.   <u>No Cognizable Claim</u>

The First Amended Complaint fails to restate or otherwise include the claims found cognizable in Plaintiff's original Complaint. It has no new allegations sufficient to constitute a plausible claim under Section 1983. The amended pleading, even if read together with the original Complaint, adds nothing to the original. The two read together reflect no cognizable claim other than those already identified.

Plaintiff was advised in the original screening order that his excessive force claim failed to allege facts sufficient to show unnecessary and unjustified force; that Defendant Blattel's use of pepper spray in response to Plaintiff's refusal to obey an order (that he remove the view-obstructing blanket) and the ensuing struggle over the blanket appears on its face to have a valid disciplinary, penologic purpose; and that in any amended pleading he must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named Defendant acted maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. (<u>Id.</u> at 7:8-18.)

Plaintiff  was advised that his retaliation allegations relating to the October 5, 2010 cell search and the above-described use of pepper spray identified a valid

penologic purpose, and for that reason failed to state a cognizable retaliation claim; and that in any amended pleading he must provide truthful facts, not just speculation or suspicion, satisfying the following basic elements of retaliation, (1) an assertion that a state actor took some adverse action against the inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). (Id. at 12:15-23.)

Plaintiff was advised his state law negligence allegations (under Cal. Gov't Code § 845.6 for failure to prevent injury and emotional distress arising from the application of pepper spray) failed to allege presentation of a written claim to the California Victim Compensation and Government Claims Board and action on or rejection of that claim. For that reason Plaintiff has failed to state a cognizable state law negligence claim. He was told that in any amended pleading he would have to provide truthful facts, not just speculation or suspicion, satisfying the claim presentation requirements and the following basic elements of state law negligence, (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty), (2) failure to conform to that standard (breach of duty), (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause), and (4) actual loss (damages). Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009), quoting McGarry v. Sax, 158 Cal.App.4th 983, 994 (2008). (Id. at 13:19-14:2.)

### C. Further Leave to Amend Unwarranted

Plaintiff was given the opportunity to file an amended pleading correcting the

deficiencies in his claims and he was advised of the legal prerequisites for stating valid claims. (Id. at 14:7-9.) He has failed to do so.

He was expressly informed that any amended complaint would supersede the prior Complaint and would have to be complete in itself without reference to the prior pleading. (Id. at 14:26-15:3.) Nevertheless, he failed to include in his amended pleading those allegations in his original Complaint which the Court found constituted cognizable claims.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's amended pleading is not sufficient to advise the Court of what claims he intends to plead or the bases for them. No useful purpose would be served by once again advising Plaintiff of the deficiencies in his pleadings and the requirements for a proper pleading and giving him yet another opportunity to amend.

### D. **Plaintiff May Proceed on Cognizable Claims or Dismiss**

As noted, Plaintiff's First Amended Complaint does not contain cognizable claims and Plaintiff will not be given leave to amend it. Under such circumstances, dismissal of the action is appropriate. However, insofar as the Court has found that Plaintiff's original pleading did state viable causes of action, it would be unjust to dismiss the action in its entirety. Accordingly, Plaintiff will be given one last opportunity to proceed on the previously determined cognizable claims in his original complaint.

Specifically, if Plaintiff wishes to proceed only against Defendants Martin and Blattel on the cognizable First Amendment retaliation and Eighth Amendment deliberate

indifference claims contained in his original Complaint, he may so notify the Court in writing, whereupon the First Amended Complaint will be deemed withdrawn and the action will proceed on the said cognizable claims.

If Plaintiff is unwilling to proceed only on these cognizable claims against these Defendants, he may notify the Court in writing that he is dismissing this action.

If he does neither, the action will be dismissed.

## V.     CONCLUSIONS AND ORDER

Plaintiff has failed to comply with the Court original screening order. His First Amended Complaint does not state any claim for relief under Section 1983. Further opportunity to amend will not be granted.

If Plaintiff so elects, he may proceed against Defendants Martin and Blattel on his First Amendment retaliation and Eighth Amendment deliberate indifference claims as stated in his original Complaint. To do so, he must file a notice informing the Court that he is willing to so proceed only on those claims. In that event, Plaintiff's First Amended Complaint will be deemed withdrawn, his other claims dismissed, and the Court will provide Plaintiff with the requisite forms so that service of process may be initiated on Defendants Martin and Blattel.

If Plaintiff does not elect to proceed on his cognizable claims, he may so notify the Court or do nothing within the time allowed; in either case, the Court will then dismiss the action.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's First Amended Complaint is dismissed without leave to amend

      for failure to state a claim and failure to comply with the Court's original screening order;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. Notify the Court in writing that he is willing to proceed only against Defendants Martin and Blattel on the cognizable First Amendment retaliation and Eighth Amendment deliberate indifference claims in his original Complaint, whereupon the First Amended Complaint will be deemed withdrawn and the action allowed to so proceed, or

    b. Notify the Court in writing that he does not wish to proceed on said cognizable claims alone.

3. If Plaintiff notifies the Court that he does not choose to proceed only on the said cognizable claims or if he fails otherwise to comply with this order, this action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   January 23, 2013         /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE