# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C.C. MARTIN, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01686-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL RESPONSE TO SECOND SET INTERROGATORIES AND FOR SANCTIONS**<br><br>**(ECF No. 21)** |

Plaintiff Synrico Rodgers, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martin and Blattel on claims of retaliation and deliberate indifference. The case is in the discovery phase. The deadline to complete discovery is May 30, 2014.

Before the Court is Plaintiff's January 27, 2014 Motion to Compel Defendants' response to Interrogatories Nos. 8-19 of his second set of interrogatories, including a request under Federal Rule of Civil Procedure 37 that Defendants pay Plaintiff's costs incurred on this Motion. (ECF No. 21.) Plaintiff claims he submitted the Interrogatories on December 9, 2013 and has not received answers.

I.   **DISCOVERY STANDARDS**

Plaintiff is proceeding pro se as a state prisoner challenging his conditions of

1

1  confinement. As a result, the parties are relieved of some requirements which would
2  otherwise apply, including initial disclosure and the need to meet and confer in good faith
3  prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P.
4  26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 15 at ¶ 5.

5  Nonetheless, this is a civil action to which the Federal Rules of Civil Procedure
6  apply, and the discovery process is subject to the overriding limitation of good faith. <u>Asea,</u>
7  <u>Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain
8  discovery regarding any nonprivileged matter that is relevant to any party's claim or
9  defense, and for good cause, the Court may order discovery of any matter relevant to the
10 subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need
11 not be admissible at the trial if the discovery appears reasonably calculated to lead to the
12 discovery of admissible evidence. <u>Id.</u>

13 An interrogatory may relate to any matter that may be inquired into under Rule 26(b),
14 and an interrogatory is not objectionable merely because it asks for an opinion or
15 contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2).
16 Parties are obligated to respond to interrogatories to the fullest extent possible under oath.
17 Fed. R. Civ. P. 33(b)(3).

18 **II.     ANALYSIS**

19 Plaintiff's Motion is incomplete and, as such, inadequate. Plaintiff does not
20 demonstrate proof of service of the interrogatories upon Defendants' attorney or the date
21 and method thereof. "Discovery requests shall be served by the parties pursuant to Federal
22 Rule of Civil Procedure 5 and Local Rule 135 . . . ." (ECF No. 15 at ¶ 1.) A response to
23 properly served discovery is due forty-five days thereafter, (<u>Id.</u> at ¶ 2), extended three days
24 for service by mail. Fed. R. Civ. P. 6(d).

25 Here, the Court is unable to determine from the information provided upon whom
26 Plaintiff served the interrogatories, when and how. It thus cannot tell if Defendants'
27 responses are in fact overdue.

28 Accordingly, Plaintiff's Motion shall be denied without prejudice to refiling with the

1 requisite supporting information and documentation. Plaintiff's request for sanctions
2 likewise is denied without prejudice because the Motion to Compel fails. Fed. R. Civ. P. 37.

### III. ORDER

For the reasons stated, Plaintiff's Motion to Compel Defendants' response to Set 2 Interrogatories Nos. 8-19 including request for monetary sanctions (ECF No. 21), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: January 30, 2014         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE