# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C.C. MARTIN, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01686-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 24)** |

　　　Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma Pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martin and Blattel on claims of retaliation and deliberate indifference. The case is in the discovery phase. The deadline to complete discovery is May 30, 2014. The deadline to file dispositive motions is August 11, 2014.

　　　Before the Court is Plaintiff's Motion for Appointment of Counsel (Mot., ECF No. 24). Plaintiff argues in support that the issues are complex and will involve substantial investigation and discovery, that he lacks legal knowledge and has limited access to the law library, and that imprisonment limits his ability to litigate the case.

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154

1

F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

In the present case, the Court does not find the required exceptional circumstances. The Court cannot make a determination at this stage of the litigation that Plaintiff is likely to succeed on the merits. The retaliation and deliberate indifference claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues

2

and standards and an ability to express same adequately in writing. The Court does not find that at present, he cannot adequately articulate his claims pro se.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 24) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   February 18, 2014           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D. Cal. 2011) (cases cited).