# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>C. C. MARTIN, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01686-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>**(ECF No. 26)** |

## I.  BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martin and Blattel on claims of retaliation and deliberate indifference. The case is in the discovery phase.

Before the Court is Plaintiff's motion to amend the Complaint. Defendants oppose the motion.

## II.  LEGAL STANDARD

A party may amend his pleading where a responsive pleading has been filed only upon written consent of the adverse party or leave of the Court. Fed. R. Civ. P. 15(a). Such leave to amend shall be freely given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

"In determining whether to grant leave to amend, the court considers five factors: (1)

1

1  bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment,
2  and (5) whether the plaintiff has previously amended his complaint. <u>Bolbol v. City of Daly
3  City</u>, 754 F.Supp.2d 1095, 1119 (N.D. Cal. 2010), citing <u>Nunes v. Ashcroft</u>, 375 F.3d 805,
4  808 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight, and absent
5  prejudice, or a strong showing of any of the remaining factors, there exists a presumption in
6  favor of granting leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048,
7  1052 (9th Cir. 2003).

## III. DISCUSSION

Plaintiff has not filed a proper motion to amend. It does not state any grounds for the relief sought. Fed. R. Civ. P. 7(b)(1); see <u>Confederate Memorial Ass'n, Inc., v. Hines</u>, 995 F.2d 295, 299 (D.C. Cir. 1993) (request to amend must indicate particular grounds on which amendment is sought). Plaintiff does not explain what changes he wishes to make to his pleading, why he did not do so earlier, and how the relief can be granted without prejudicing Defendants.

Insofar as the motion may have been intended as an amended pleading, it is not sufficient.  An amended complaint must be "complete in itself without reference to the prior or superseded pleading", Local Rule 220, and supersedes the prior complaint. <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff wishes to file an amended pleading, he may move the Court for permission to do so. He must file a proper motion and set forth the reasons he seeks relief and why he believes he is entitled to it. He should state what changes he purports to make by way of the new pleading, why they are important to his case, when he learned of the need to amend, whether he previously asserted the claims to be added and if so why the claims are not barred by previous screening orders and whether or not the proposed changes will prejudice the Defendants.

## IV. ORDER

Accordingly, and for the reasons, it is HEREBY ORDERED that Plaintiff's motion to

amend the complaint (ECF No. 26) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   March 31, 2014            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE