# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. C. MARTIN, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01686-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**<br><br>**(ECF No. 35)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martin and Blattel on claims of retaliation and deliberate indifference relating to a November 2010 incident. Defendants filed an Answer. The Court issued an order providing a March 30, 2014 deadline to amend pleadings, a May 30, 2014 deadline to complete discovery and an August 11, 2014 deadline for dispositive motions.

On March 17, 2014, Plaintiff filed a motion to amend the Complaint. The Court denied the motion without prejudice on March 31, 2014, identifying deficiencies and advising what was needed to correct them.

On April 4, 2014, Plaintiff moved to file an amended pleading. The Court denied the motion for the reasons stated in its March 31, 2014 Order and found no basis for reconsideration of that Order.  Plaintiff was again advised what was needed to correct deficiencies in his motion to amend.

1    Before the Court is Plaintiff's April 14, 2014 motion to file an amended complaint.
2 Defendants have filed opposition. Plaintiff has replied to the opposition.[1]

3    Plaintiff's motion is procedurally deficient. Plaintiff filed it after the deadline to amend
4 pleadings. Such an untimely motion must be supported by good cause and a showing of a
5 need to amend and set forth the changes to be made. It also must address why Plaintiff
6 was unable to comply with the Court's deadline for amended pleadings. Plaintiff attributes
7 missing the deadline solely to his pro se status. He provides no facts indicating good cause
8 for the relief he seeks. He does not address the issue of whether Defendants would be
9 prejudiced if relief were granted. Defendants maintain that they would in fact be prejudiced
10 if required to answer and conduct discovery on new claims.

11    The proposed amendment would not in any event add a valid cause of action. It
12 seeks to add a Fourth Amendment search and seizure claim arising from an October 2010
13 cell search. Such a claim cannot succeed. The United States Supreme Court has held that
14 "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S.
15 517, 536 (1984). Further, the Court noted, "[p]rison officials must be free to seize from cells
16 any articles which, in their view, disserve legitimate institutional interests." *Id.*, at 528 n.8.

17    The remainder of claims Plaintiff wishes to add were previously dismissed without
18 leave to amend as non-cognizable. (See ECF No. 7 at 5:2-12:23; ECF No. 9 at 4:16-6:16.)
19 Plaintiff is aware of this. He notified the Court of his willingness to dismiss these claims and
20 to proceed only on the November 2010 retaliation and deliberate indifference claims. (See
21 ECF No. 10; ECF No. 11 at 1:21-2:4.)

22    Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's April 14,
23 2014 motion to file an amended complaint (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:   May 18, 2014             /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's reply is untimely. Local Rule 230(*l*). Nonetheless, it has been considered.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28