1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  SYNRICO RODGERS, | Case No. 1:12-cv-01686-AWI-MJS (PC) |
| 10            Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| 11 | |
| 12    v. | **(ECF No. 40)** |
| 13  C.C. MARTIN, et al., | |
| 14 | |
| 15            Defendants. | |

16

17    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18  action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martin

19  and Blattel on claims of retaliation and deliberate indifference relating to a November 29,

20  2010 incident. The deadline for completing discovery expired May 30, 2014.

21

22    Before the Court is Plaintiff's June 2, 2014 motion to compel responses to his

23  requests for production, set two, items number 1-4 and to his unenumerated request for a

24  copy of a November 22, 2013 deposition transcript. Plaintiff also seeks his motion costs.

25    Defendants filed opposition. Plaintiff has not replied to the opposition, and the time

26  for doing so has expired. Local Rule 230(*l*).

27

## I.    LEGAL STANDARDS – DISCOVERY MOTIONS

28

    The discovery process is subject to the overriding limitation of good faith. *Asea, Inc.*

1

1    *v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain

2    discovery regarding any non-privileged matter that is relevant to any party's claim or

3    defense, and for good cause, the court may order discovery of any matter relevant to the

4    subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need

5    not be admissible at the trial if the discovery appears reasonably calculated to lead to the

6    discovery of admissible evidence. Id.

7

8           Generally, if the responding party objects to a discovery request, the party moving to

9    compel bears the burden of demonstrating why the objections are not justified. E.g.,

10   *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012). This requires the

11   moving party to inform the Court which discovery requests are the subject of the motion to

12   compel, and, for each disputed response, why the information sought is relevant and why

13   the responding party's objections are not meritorious. *Id.*

14

15          However, the Court is vested with broad discretion to manage discovery and

16   notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant;

17   therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its

18   merits. *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc.*

19   *v. Survivor Productions,* 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan,* 296 F.3d 732,

20   751 (9th Cir. 2002).

21

22          Courts in the Eastern District of California have required, "at a minimum, [that] the

23   moving party plaintiff has the burden of informing the court (1) which discovery requests are

24   the subject of his motion to compel, (2) which of the defendant's responses are disputed,

25   (3) why he believes the defendant's responses are deficient, (4) why the defendant's

26   objections are not justified, and (5) why the information he seeks through discovery is

27   relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D.

28   Cal. Sep. 21, 2009).

                                                     2

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1).

All grounds for objection must be stated "with specificity." See *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had); *Chubb Integrated Sys., Ltd. v. National Bank of Wash.,* 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); *Pulsecard, Inc. v. Discovery Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds of vagueness and ambiguity overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

## II.   PLAINTIFF'S MOTION TO COMPEL

### A.   Legal Requirements – Request for Production

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford,* 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995); accord *Evans v. Tilton,* 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

### B.   Arguments

Plaintiff argues that he has not yet received documents relating to use of force or a

3

copy of a November 22, 2013 deposition transcript requested in his January 2014 request for production, set two. He claims Defendants' "refusal to answer/produce the documents had no substantial justification." (See ECF No. 40, at 2:2-4.) He seeks an order compelling discovery and costs of this motion.

Defendants assert they responded to the production request in February 2014, objecting to each request and that Plaintiff has not addressed or responded to their objections. They also claim that documents relating to use of force are not relevant to the retaliation and medical indifference claims in issue, are confidential security documents and constitute improper character evidence. They further argue that Plaintiff has equal access to any non-confidential documents within the scope of his request and that Plaintiff is not entitled to use discovery to obtain a free copy of a deposition transcript.

### C.    Analysis

Defendants do not object to, or claim prejudice from, Plaintiff having filed the instant motion three days after the discovery deadline.[1] Accordingly, and considering Plaintiff's pro se prisoner status, the Court will overlook the untimeliness of the motion and address its merits. See e.g., *Williams v. Adams*, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009) (the court may elect to exercise its discretion to reach the merits of discovery dispute, the moving party's initial burden notwithstanding, where the response is deficient).

Having considered the motion and Defendants' opposition and the relevant discovery requests and responses, the Court rules as follows:

**Production Request No. 1:**

Any and all incident packages, (as Defined by Corcoran State Prison use of force Policy signed by Defendants and Provided to Plaintiff.) This document includes but is not limited to, crime/incident report, Review Notices, Incident Commander Reviews, Management

---

[1] Plaintiff filed the motion on June 2, 2014. (ECF No. 40.) The deadline to bring a motion to compel was May 30, 2014. (ECF No. 15, at ¶ 8.)

Reports of use of force, captain's Review of use of force crime/Incident Report Critiques, use of force critiques, and associate wardens Reviews of use of force crime/Incident Report Critiques.

**Response**:

Objection. The request does not describe with reasonable particularity the item or category of items to be produced. The request is overbroad because it is unlimited in time and scope. The request is irrelevant and is not calculated to lead to admissible evidence because Plaintiff does not have an excessive use of force claim in this action under the Court's November 12, 2013 Screening Order. (ECF No. 7.) A report of the November 29, 2011 [*sic*] incident is in Plaintiff's Central File (C-file). All inmates have access to their C-files. When prison records are equally available to the plaintiff, the plaintiff must attempt to obtain them through the proper prison channels. *Glass v. Diaz*, 1:04-CV-5953-AWI-DLB-P, 2007 WL 2022034, at * 4 (E.D. Cal. July 9, 2007).

**Ruling:**

This matter proceeds on claims that Defendants (1) retaliated by denying Plaintiff a meal and pepper spray decontamination, and (2) were indifferent to Plaintiff's need for pepper spray decontamination.

As worded, the request at issue requests all records relating to any use of force by anyone against anyone at the prison at any time in its existence. As such, it is overbroad, burdensome and calls for information that is not relevant to the case nor likely to lead to the discovery of admissible evidence. However, the November 29, 2010 use of force incident package referred to in Plaintiff's request likely includes information relevant to the alleged failure to decontaminate. While that report may be available in Plaintiff's central file, it does not likely include all "reviews" referred to in Plaintiff's request. Accordingly, the Court overrules Defendants' objections to the latter and will order Defendants to produce all reports and writings, including 'reviews", relating to the November 29, 2010 incident within 20 days of the date of this Order.

**Production Request No. 2:**

5

Any and all records of training that has been provided to each Defendant on use of force. The time frame for this discovery request is the time each Defendant became employed by the CDCR to the present.

**Response:**

Objection. The request is irrelevant and is not calculated to lead to admissible evidence because Plaintiff does not have an excessive use of force claim in this action under the Court's November 12, 2013 Screening Order. (ECF No. 7.) The request does not describe with reasonable particularity the item or category of items to be produced. The request is overbroad because: 1) Defendant Blattel did not use force against Plaintiff; and 2) Plaintiff requests records of training after the relevant incident. Employee training records, prison policy and training manuals are confidential due to the safety and security concerns of the institution. The probative value of these documents is greatly outweighed by security considerations. To the extent the requests seek non-confidential documents such as California Code of Regulations, Title 15 or the Departmental Operations Manual, these documents are available to Plaintiff in the prison law library. Plaintiff may not use discovery to obtain free copies of documents equally available to him. *Jones v. Lundy*, 1:03-cv-05980-AWI-LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007).

**Ruling:**

Use of force training may include training on use of pepper spray and prisoner decontamination after its use and, as such, may be relevant to the claims in issue here. Thus, to extent Defendants received such training after their hire date and within the five years immediately preceding the date of the incident, November 29, 2010, Defendants' objections are overruled and, subject to the terms of the following paragraphs, responsive documents shall be produced within 20 days of the date of this Order.

Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe*

*Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); see also *Garcia v. Clark*, No. 1:10–CV–00447–LJO–DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr.12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns).

Additionally, documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230–31 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. *Kerr v. U.S. District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir. 1975), aff'd on procedural grounds, 426 U.S. 394 (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987).

Defendants' objection on grounds of institutional safety and security and state law confidentiality is not supported by sufficient facts to enable the Court to balance the asserted competing interests and resolve the objection, and so is overruled. See *Soto*, 162 F.R.D. at 613 (Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents).

However, to the extent Defendants in good faith believe and represent to the Court that documents within the request fall within the need for such protections, they may, within the 20 days herein provided for production, present them to the Court for its in camera review and determination of what, if any of the requested documents, will actually be produced.

7

Defendants' objection that Title 15 regulations and state prison operational manual are available in the prison law library is irrelevant to the issues raised by this request.

**Production Request No. 3:**

Any and all documents received, read, or reviewed by each Defendant that refer or relate to Training, Policies, or Procedures on use of Force.

**Response:**

Objection. The request is irrelevant and is not calculated to lead to admissible evidence because Plaintiff does not have an excessive use of force claim in this action under the Court's November 12, 2013 Screening Order. (ECF No. 7.) The request does not describe with reasonable particularity the item or category of items to be produced. The request is overbroad because: 1) Defendant Blattel did not use force against Plaintiff; and 2) Plaintiff requests training documents after the relevant incident. Employee training records, prison policy and training manuals are confidential due to the safety and security concerns of the institution. The probative value of these documents is greatly outweighed by security considerations. To the extent the requests seek non-confidential documents such as California Code of Regulations, Title 15 or the Departmental Operations Manual, these documents are available to Plaintiff in the prison law library. Plaintiff may not use discovery to obtain free copies of documents equally available to him. *Jones v. Lundy*, 1:03-cv-05980-AWI-LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007).

**Ruling:**

The request does not describe with any reasonable degree of particularity the specific documents sought, and, as such, is fatally overbroad. It appears to the Court that discoverable documents falling within the scope of this request are likely to be included in response to the Court's Order on production No. 2, above.

Plaintiff's motion to compel further response to item number 3 shall be denied.

**Production Request No. 4:**

Any and all Formal and Informal Written Complaints. (Including but not Limited to 602 Forms.) Against any Defendant, Alleging use of force that occurred. Prior to November 29th, 2010. (Including But not

Limited, All Written Responses, Appeals, Reports, Investigations, and or Correspondence Regarding the Complaint.)

**Response:**

Objection. The request is irrelevant and is not calculated to lead to admissible evidence because Plaintiff does not have an excessive use of force claim in this action under the Court's November 12, 2013 Screening Order. (ECF No. 7.) Plaintiff's request appears designed to uncover character evidence, which is inadmissible. Fed. R. Evid. 404(a)(1) (evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait). See *Abraham v. Costello*, 717 F.Supp.2d 391, 397 (D. Del. 2010); *Ahdom v. Lopez*, No. 1:09-cv-01874-AWI-BAM (PC), 2013 WL 5406868, at *2 (E.D. Cal. Sept. 25, 2013) (plaintiff's request for "all documents [that] refer to, reflect, mention, discuss or evidence complaints, formal or informal, against [defendants]" was improper). *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *6 (E.D. Cal. Mar. 27, 2008). (sustaining the defendants' objections to producing "any and all grievances received by the Department [relating to the defendant] . . ." even where a limited time period and subject matter was specified). The requests call for information expressly exempted from disclosure under the Freedom of Information Act or information protected by California Penal Code § 832.7, California Evidence Code § 1040, federal common law privilege, the federal official information privilege, and the federal privacy act. The requests call for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043, and 1157 et seq. The request does not describe with reasonable particularity the item or category of items to be produced. The request is overbroad because Plaintiff seeks accusations of wrongdoing that are unrelated to the events alleged in the complaint. The request is also overbroad because Plaintiff seeks documents in which the allegations of improper conduct were not adjudicated or substantiated. Unsubstantiated claims are immaterial and have no evidentiary value. Inmate grievances are indexed and retained under the inmate's name, not the prison staff involved. It is impossible to search for inmate grievances filed against a specific prison employee. Thus, the request is unduly burdensome. *Abraham*, 717 F.Supp. 2d at 397.

**Ruling:**

Use of force complaints may relate to the use of pepper spray and prisoner decontamination after its use and, as such, may be relevant to the claims in issue here. Thus, to the extent such complaints were made against Defendants after their hire date and within the five years immediately preceding the date of the incident, November 29, 2010, they shall be produced. Defendants' relevancy, lack of reasonable particularity and

overbreadth objections are overruled.

Defendants' objection that Plaintiff may seek improper character evidence is speculative and overruled. Defendants have not demonstrated documents sought are not admissible or capable of leading to the discovery of admissible evidence.  Fed. R. Cv. P. 26(b)(1). The character evidence objection can be addressed if and when Plaintiff proposes to put the documents into evidence.

Defendants' objection that they would be unduly burdened searching for responsive documents is not factually supported.

Defendants' objections on grounds of institutional safety and security and confidentiality are not supported by sufficient facts to enable the Court to balance the asserted competing interests and resolve the objections, and so are overruled. See *Soto*, 162 F.R.D. at 613 (Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents). To the extent Defendants in good faith believe and represent to the Court that documents within the request fall within the need for such protections, they may, within the 20 days herein provided for production, present them to the Court for its in camera review and determination of what, if any of the requested documents, will actually be produced.

For the reasons stated, all complaints made against Defendants after their hire date and within the five years immediately preceding the date of the incident, November 29, 2010, shall be produced or presented for in camera review within 20 days of the date of this Order.

**Unenumerated Production Request – Deposition Transcript:**

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Requests that the Defendants Produce the Following Documents to Plaintiff at the Kern Valley State Prison at, Delano, California or, at such Place as all Parties Shall Hereafter

Agree. Please note that the Term "Document" is Defined Broadly in Federal Rule of Civil Procedure 34(A)(1) and Includes, Regulations, SOPs, Memoranda, Correspondence, and E-Mails. The Document(s) that the Plaintiff Request are the Transcripts From the Deposition Given on, November 22nd, 2013, at Kern Valley State Prison.

**Response:**

Objection. The Federal Rules do not require the government to provide a litigant proceeding in forma pauperis with a copy of his deposition transcript. *Glass v. Fields*, No. 1:09–cv–00098–AWI– BAM PC, 2012 WL 1898899, * 2 (E.D. Cal. May 23, 2012); *Hallford v. California Dep't of Corrections*, CIV S-05-0573-FCD– DAD–P, 2010 WL 921166, *1 (E.D. Cal. March 12, 2010); *Allen v. Hernandez*, No. 1:05–cv–00145–AWI–SMS–PC; 2008 WL 4078772, *1 (E.D. Cal. Aug. 29, 2008). Federal Rule of Civil Procedure 30 provides that the deposition transcript is available to a party upon payment of reasonable charges to the deposition officer. Plaintiff is able to obtain a copy of his deposition transcript by contacting the deposition officer and paying the required fee. Plaintiff may not use discovery to obtain free copies of documents equally available to him. *Jones v. Lundy*, 1:03-cv-05980-AWI-LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007)

**Ruling:**

Plaintiff provides no legal authority upon which the court should order Defendants to produce a copy of the deposition to him. Defendants' objection that the deposition transcript is equally available to Plaintiff, albeit at cost, is sustained.

Plaintiff's motion for further response regarding production of the November 22, 2013 deposition transcript shall be denied.

**Plaintiff's Request for Costs of Motion**

Plaintiff seeks an order pursuant to Federal Rule of Civil Procedure 37 requiring Defendants to pay costs incurred on this motion on grounds "Defendants' refusal to answer/produce the documents had no substantial justification." (ECF No. 40, at 2:1-4.)

Rule 37(a)(5) provides, in pertinent part: "If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees" unless "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

In this case, considering all of the circumstances, including the nature of the requests, Defendants' objections, and the partial relief granted, the Court will not order the imposition of monetary or other sanctions at this time. See e.g., *Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful).

Plaintiff motion for costs shall be denied.

**III.   ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel further response to request for production, set two, items number 1,  2 and 4 (ECF No. 40) is GRANTED as provided herein, Defendants shall provide the requested documents or present them for in camera review with twenty days of the date of this Order,

2.    Plaintiff's motion to compel further response to request for production, set two,  item number 3  (ECF No. 40) is DENIED without prejudice,

3.    Plaintiff's motion to compel production of the November 22, 2013 deposition transcript (ECF No. 40) is DENIED, and

4.    Plaintiff's motion for costs incurred in bringing this instant motion to compel (ECF No. 40) is DENIED.

IT IS SO ORDERED.

Dated:   __August 29, 2014__            ____ /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

12