UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>           Plaintiff,<br><br>   v.<br><br>C. C. MARTIN, et al.,<br><br>           Defendants. | 1:12-cv-01686-AWI-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' OBJECTIONS TO PRODUCTION OF TRAINING MATERIALS**<br><br>**(ECF No. 60)**<br><br>**SEVEN (7) DAY DEADLINE** |

**PROCEDURAL HISTORY**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) The action proceeds against Defendants Martin and Blattel on Plaintiff's First Amendment retaliation and Eighth Amendment deliberate indifference claims. (ECF Nos. 9 & 11.)

On August 29, 2014, the Court partially granted Plaintiff's motion to compel and ordered Defendants to produce, *inter alia*, training materials on use of force pertaining to

1

use of pepper spray and prisoner decontamination. (ECF No. 52).  The Court permitted Defendants to file the materials *in camera* "to the extent Defendants in good faith believe[d] and represent[ed] to the Court" that discovery of the materials would threaten "institutional safety and security." (ECF No. 52).  On October 2, 2014, Defendant filed objections to producing the materials "because they are confidential and their relevance is greatly outweighed against [sic] the dangers to safety and security if disclosed to Plaintiff."  (ECF No. 60).  Defendants filed excerpts of the training manual that related to pepper-spray decontamination as an exhibit to their objections, and asserted that they had "lodged the training material as limited by Order with the Court for *in camera* inspection." (ECF No. 60).  However, the docket does not reflect that any such materials were lodged with the Court.

**DISCUSSION**

Defendants were ordered to provide to Plaintiff training materials on use of force and prisoner decontamination within twenty days of the Court's ruling on Plaintiff's motion to compel. (ECF No. 52). To the extent Defendants were able to articulate specific institutional safety concerns relating to these materials, they were invited to present the documents to the Court within twenty days for *in camera* inspection and a determination of which, if any, of the documents would be produced.

They have not done so.  Although Defendants state that they have lodged the training materials with the Court, they have not.  In fact, they have filed in the public record only those materials relating to prisoner decontamination which they have determined should be revealed to Plaintiff.  They have not produced, for *in camera* inspection or otherwise, the training materials on use of pepper spray.  Absent these documents, the Court is unable to grant Defendants' objections.

Accordingly, Defendants' objections will be denied without prejudice to Defendants renewing their motion and lodging the documents for *in camera* review within seven days of the date of this order. If Defendants choose not to renew their objections within seven days, they are required to comply in full with the Court's order on

Plaintiff's motion to compel. (ECF No. 52.)

     For the foregoing reasons, Defendants' objections are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   February 11, 2015         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE