UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>C.C. MARTIN, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-01686-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 71)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Martin and Blattel on Plaintiff's First Amendment retaliation and Eighth Amendment deliberate indifference claims.

On June 2, 2014, Plaintiff filed a motion to compel further responses to his discovery requests. (ECF No. 40.) On August 29, 2014, the Court granted in part Plaintiff's motion and ordered Defendants to provide, within twenty days, a further response to Plaintiff's request for production, set two, items numbers 1, 2, and 4, or to present the requested documents to the Court for in camera review. (ECF No. 52.) Defendants objected in part, arguing that some of the material they were ordered to produce with respect to item number 2 is confidential and irrelevant to Plaintiff's claims. (ECF No. 60.) The Court denied the objections without prejudice on the ground

Defendants had not produced the allegedly confidential material for in camera review. (ECF No. 72.) Defendants then renewed their objections, and sought to file the confidential documents under seal. (ECF No. 74.) The renewed objections and request to seal remain pending.

On August 7, 2014, Plaintiff filed a motion for summary judgment. (ECF No. 47.) On August 11, 2014, Defendants filed a motion for summary judgment. (ECF No. 48.) Briefing on both motions has been completed. (ECF Nos. 49, 65, 70.)

After briefing was completed, Plaintiff filed a motion to deny Defendants' motion for summary judgment on the ground Defendants allegedly failed to produce discovery documents as required by the Court's August 29, 2014 order. (ECF No. 71.) Defendants opposed the motion. (ECF No. 73.) No reply was filed and the time for doing so has passed.

The Court herein addresses Plaintiff's motion to deny Defendants' motion for summary judgment.

**II.     PARTIES' ARGUMENTS**

Plaintiff argues that Defendants did not produce discovery documents as required by the Court's order. Plaintiff specifically argues that the documents requested in item number 4 "would've shown that the Defendants had or have previous staff complaints, 602s, and other grievances against them . . . and that piece of evidence would've been very important to my lawsuit." (ECF No. 71.)

Defendants respond that, with the exception of documents objected to and provided to the Court for in camera review, they provided further responses to Plaintiff's discovery requests in compliance with the Court's order on September 25, 2014. (ECF No. 73.) With respect to the documents requested in item number 4, Defendants' supplemental response stated that complaints against Defendants alleging use of force within the relevant time period "have never existed." (ECF No. 73.)

2

### III. DISCOVERY SANCTIONS

Plaintiff's motion may be construed as a request to deny Defendant's motion for summary judgment as a discovery sanction.

#### A. Legal Standard

Under the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such "just orders" may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Id.

The appropriateness of a discovery sanction is within the broad discretion of the court. Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The Ninth Circuit has identified five factors that courts should consider in determining the appropriateness of discovery sanctions: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir.

3

1997) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)). "What is most critical for case-dispositive sanctions . . . is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### B. Analysis

Nothing before the Court indicates a discovery sanction is warranted. Defendants state that they obeyed the Court's order granting Plaintiff's motion to compel, and Plaintiff provides no argument to the contrary. Thus, Defendants have not failed "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).

To the extent Plaintiff complains that documents responsive to his request number 4 were not produced, Defendants respond that no such documents exist. Defendant cannot be compelled to produce documents that do not exist. Their failure to produce such documents does not warrant sanctions. See e.g., David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003) (no discovery sanction where court in its broad discretion finds the responding party's conduct to be justified or harmless).

## IV. FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Plaintiff's motion also may be read as seeking to deny Defendants' motion for summary judgment pursuant to Rule 56(d).

### A. Legal Standard

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d). When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

### B. Analysis

Plaintiff has provided no basis for denying Defendants' motion for summary judgment under Rule 56(d). The motion for summary judgment has been fully briefed, and neither Plaintiff's opposition (ECF No. 65) nor the present motion (ECF No. 71) indicates he was prejudiced in his ability to oppose the motion for summary judgment due to incomplete discovery. Nothing before the Court provides a specification of facts on which discovery is necessary or essential to Plaintiff's opposition. Further, to the extent Plaintiff's motion is based on Defendants' failure to produce documents responsive to request number 4, as noted above, no such documents exist. Id.

### V. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion to deny Defendants' motion for summary judgment (ECF No. 71) is HEREBY DENIED. The Court will consider Plaintiff's and Defendants' cross-motions for summary judgment in due course.

IT IS SO ORDERED.

Dated:   March 3, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE